UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH TURNER, ) | |
| ) | Case No. 4:04CV-01688 (SNL) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SOUTHWESTERN BELL ) | |
| TELEPHONE, L.P. ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant's Motion for Summary Judgment (hereinafter "the Motion"). For her surreply in opposition to said Motion, Plaintiff states as follows:

Defendant again attempts to rely on inapplicable Third, Fifth and Eleventh circuit law rather than the actual law of this circuit. Those other circuits infer wrongful intent for failing to list claims in bankruptcy based on possible motives alone. By contrast, the Eighth Circuit and its district courts examine the particular circumstances and require actual evidence of "knowing misrepresentation or fraud on the court" before invoking judicial estoppel. Total Petroleum, Inc. vs. Davis, 822 F.2d 734, 738 n.6 (8th Cir. 1987) ("The purpose of judicial estoppel is to protect the integrity of the judicial process. As we read the caselaw, this is tantamount to a knowing misrepresentation to or even fraud on the court."); EEOC vs. Apria Healthcare Group [(hereinafter "Apria Healthcare")], 222 F.R.D. 608, 612-13 (E.D.MO 2004) (same, also noting different law applied by district courts of other circuits); Taylor vs. Comcast Cablevision, 252 F.Supp.2d 793, 796 (E.D.AR 2003) (same as Total Petroleum).

After extensively arguing the law of other circuits, Defendant concludes, "Because Turner knew of her claims at the time she filed for bankruptcy and had a motive to conceal them, the Court should infer from the record that the failure to disclose her discrimination claim in her bankruptcy pleadings was intentional and knowing as opposed to inadvertent and innocent." This is not applicable law.  Rather, analogous decisions from both this Court and this circuit should be applied, such as Apria Healthcare and Taylor.  Both the Apria Healthcare and Taylor courts found no evidence of knowing misrepresentation or fraud on the court when employment claims were not listed in bankruptcy schedules, but rather determined, based on detailed analysis of the facts presented, that these were merely inadvertent and understandable errors which did not justify imposition of judicial estoppel under the standard set forth by the Eighth Circuit in Total Petroleum.  Accordingly, in light of the similarity of facts here, this Court should find only an inadvertent and understandable error by Ms. Turner which does not justify judicial estoppel.

Defendant errantly cites the Eighth's Circuit's decision in U.S. ex. rel. Gebert vs. Transport Admin. Servs., 260 F.3d 909 (8th Cir. 2001) as authority for a supposed "presumption of intent." Defendant's Reply, p. 7.  However, that case does not establish, nor even mention, any presumption of intent to be applied.  Rather, in Gebert, the Eight Circuit examined evidence of intent and concluded that those plaintiffs "presumably" made knowing misstatements to the bankruptcy court.  However, in Gebert, unlike here, evidence of such knowing misrepresentation was in fact presented to the court beyond just mere failure to list claims in bankruptcy.  Specifically, the plaintiffs in Gebert clearly admitted a purposeful decision not to list their qui tam claim in their bankruptcy based on their reasoning that, by listing such claim in a public record, they would later be unable to prove that they were the "original source of information upon which the allegations are based" and therefore would be unable to prove their qui tam

2

action. 260 F.3d at 918 n.9. No such evidence exists here. Instead, all the evidence indicates that Ms. Turner merely made an honest mistake.[1]

Although Defendant argues that Ms. Turner is bound by her former bankruptcy counsel's omissions, several courts, including a court within this circuit, have determined that reliance on advice from bankruptcy counsel to not list claims supports a finding of inadvertence by a party, justifies later substitution of a bankruptcy trustee as plaintiff, and supports denial of judicial estoppel. See, e.g., Taylor, 252 F.Supp.2d at 799; Pealo, 140 F.Supp.2d at 237 (N.D.NY 2001); Kagan vs. Bercu (In re Bercu), 293 B.R. 806, 811 (Bankr.M.D.FL 2003).

In Taylor, the most analogous case in this circuit, the court found reliance on bankruptcy counsel's failure to direct Mr. Taylor to make the required disclosures to constitute evidence of inadvertence supporting both (1) substitution of the bankruptcy trustee as plaintiff and (2) denial of equitable estoppel. See 252 F.Supp.2d at 799.

Similarly, in Peola, the plaintiff and his wife claimed to have informed their bankruptcy attorney about an EEOC charge and insisted that it was the bankruptcy attorney who failed to make the proper disclosure. They also claimed ignorance of the bankruptcy code and argued reliance upon the expertise of their attorney. See 140 F.Supp.2d at 237. The Peola court found that it "seem[ed] that plaintiff's failure was inadvertent as he relied upon his bankruptcy attorney to make the required disclosures." Id. The Peola court further relied on the facts that the plaintiff's substitute counsel, like Ms. Turner's current bankruptcy attorney, had taken corrective action by reopening the estate and obtaining the bankruptcy court's permission to proceed with the instant claims. Also, as here, the bankruptcy court in Pealo specifically appointed plaintiff's counsel to represent the interests of the bankruptcy estate in the case at bar. Id. at 238 n.4.

---

[1] Also, the Court is directed to the other distinctions between Gebert and the case at bar as explained in Plaintiff's previously-filed memorandum in opposition to the Motion.

3

> In Kagan, the court held:
>
> "It is fair to assume that [the plaintiff] relied on her attorney in the preparation of the Petition and all documents required to be filed pursuant to F.R.B.P. 1007. **Her reliance was justified**. Reliance on advice of counsel, especially by an unsophisticated debtor, bespeaks against the application of the doctrine. Pealo vs. AAF McQuay, Inc., 140 F.Supp.2d 233 (N.D.NY 2001). There is no evidence in this record, which would warrant the finding that her failure to schedule this claim against the Debtor was a deliberate attempt to conceal from the court and from creditors a claim, the value and the viability of which at that time she filed her bankruptcy case in California, was highly questionable and uncertain."

Kagan, 293 B.R. at 811 (emphasis added).

Moreover, Defendant's authorities regarding advice of counsel come from other circuits which also infer wrongful intent from existence of a possible motive to conceal. Whereas, consideration of wrongful advise by legal counsel is consistent with Eight Circuit law requiring examination of the particular circumstances and determination of whether the plaintiff himself or herself made knowing misrepresentations or committed fraud on the court. In Taylor, a district court in this circuit expressly determined that reliance on bad advice of counsel by the plaintiff to not list claims in bankruptcy indicated that the plaintiff had not made a knowing misrepresentation nor committed fraud on the court. See 252 F.Supp.2d at 799.

Finally, Defendant argues that persons who re-open bankruptcy cases and correct their bankruptcy filings should not be allowed to escape judicial estoppel. To the contrary, courts, including this one, have already determined otherwise. See e.g., Taylor, 252 F.Supp.2d at 795-799 (re-opening of bankruptcy after objection and listing of employment discrimination claim considered evidence negating knowing misrepresentation and fraud on the court); Apria Healthcare, 222 F.R.D. at 613 (amendment of bankruptcy schedules to list claim indicates lack of knowing misrepresentation or fraud on the court). Also, courts including the Eighth Circuit have found that failure to re-open bankruptcy cases and correct filings constitutes evidence of wrongful intent. See e.g., Gebert, supra. Contrary to Defendant's suggestion, applying judicial

4

estoppel to debtors who re-open their bankruptcy cases and correct their filings would only deter debtors from correcting errors and omissions, thereby depriving their creditors, even when the earlier error or omission was merely an honest mistake like here.

## IV. CONCLUSION

For all reasons aforestated and all reasons contained in Plaintiff's previously-filed memorandum, summary judgment should be denied.

Respectfully submitted,

POTASHNICK LAW FIRM
    /s Mark Potashnick
Mark Potashnick, E.D.MO # 35970
111 Westport Plaza, Suite 600
St. Louis, Missouri 63146
Telephone: (314) 275-9150
Facsimile: (314) 275-9150

Attorney for Deborah Turner and
Bankruptcy Trustee Fredrick J. Cruse

## CERTIFICATE OF SERVICE

The foregoing Plaintiff's Surreply in Opposition to Defendant's Motion for Summary Judgment was served on Defendant's attorneys of record, Rodney Harrison and Lynn Reid, Thompson Coburn LLP, One US Bank Plaza, St. Louis, Missouri, 63101, by electronic case filing on this 1st day of July, 2005.

    /s Mark Potashnick

5