UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH TURNER, as to Counts I and II on behalf of herself and as to Counts III and IV on behalf of a class comprised of all employees and former employees of defendant who have been required by defendant to relinquish employment rights,<br><br>        Plaintiff,<br><br> vs.<br><br>SOUTHWESTERN BELL TELEPHONE L.P. d/b/a SBC Missouri and Southwestern Bell Telephone Company,<br><br>        Defendants. | No. 4:04CV1688-SNL |

## MEMORANDUM OPINION

The motion of defendant to strike class allegations and for judgment on the pleadings as to Counts III and IV of plaintiff's complaint is before the Court. Plaintiff has responded in opposition to the motion and defendant has filed a surreply. On February 15, 2006 defendant offered a supplemental filing in support of its motion for judgment on the pleadings, and plaintiff has filed a memorandum in opposition to the supplemental filing.

This Court has just entered an order denying defendant's motion for summary judgment based on plaintiff's failure to disclose claim in bankruptcy filing. A statement of facts was set out in the Memorandum Opinion supporting that order, and insofar as those facts may be relevant to the current motion the Court adopts them as part of this Memorandum.

In Count III of the Complaint, plaintiff states "Comes now plaintiff Deborah Turner, by attorney, and, on behalf of a Class comprised of herself and all other employees and former employees of defendant who have been required by defendant to relinquish employment rights (hereinafter referred to as 'the Class'), states the following for Count III of her Complaint against defendant:"

In Count III, which is restated in Count IV, plaintiff avers that defendant required her and other employees and former employees to sign similar documents which provide for relinquishment of employment rights. Plaintiff avers "As a former employee required to sign the document entitled 'Last Chance Agreement,' plaintiff maintains standing to bring this claim on behalf of the Class." Plaintiff claims that as a result of defendant's actions, she and the class have been damaged in the form of lost employment, lost wages and benefits, out of pocket costs and expenses, emotional distress and lost enjoyment of life. A request for punitive damages is also included.

On May 17, 2004 plaintiff, in a *pro se* capacity, filed a charge of discrimination before the Missouri Commission on Human Rights (MCHR) and EEOC. In the charge, she stated "I. I was employed by the employer from July 1981 through on or about May 6, 2004. II. On or about May 6, 2004 the employer terminated my employment in retaliation for my protected activity including filing a prior administrative charge of disability discrimination."

On July 26, 2004 the charge was amended when plaintiff was represented by counsel. The amendment did not change the precise wording of the charge.

In Count III of the Complaint plaintiff invokes the jurisdiction of the Court pursuant to 42 U.S.C. § 12117(A) and 28 U.S.C. § 1331. She further alleges that defendant's actions toward

plaintiff and the class constitutes unlawful retaliation and violates 42 U.S.C. § 12203, 42 U.S.C. § 2000(e-3) and 29 U.S.C. § 623(d).

In Count IV of the Complaint, plaintiff alleges the same jurisdictional statutes on which she relies in Count III, together with 28 U.S.C. § 1367.

Defendant has moved to strike the class allegations and for judgment on the pleadings as to Counts III and IV of the Complaint. The basis for the motion is that the putative class members have failed to exhaust their administrative remedies by timely filing a charge of discrimination with the EEOC or state agency setting forth the facts and the nature of the charge and to receive a Right to Sue letter and that plaintiff, in her own charge, has not alleged a class complaint.

Although plaintiff does not so state, she tacitly admits that the putative class members have not timely filed a charge of discrimination with the EEOC or state agency and her argument is that the scope of the suit may be as broad as the scope of the administrative investigation which could reasonably be expected to "grow out of" her charge of discrimination.

### Standard for Consideration of a Motion for Judgment on the Pleadings

Judgment on the Pleadings is appropriate only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law. Faibisch v. University of Minnesota, 304 F.3d 797, 803 (8th Cir. 2002); Potthoff v. Morin, 245 F.3d 710, 715 (8th Cir. 2001); Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). We accept as true all facts pled by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party. Faibisch, at 803 and Potthoff at 715. Ordinarily, the standard for consideration of a motion for judgment on the

pleadings is the same as considered in ruling on a motion to dismiss. St. Paul Ramsey Cty. Med.Ctr. v. Pennington Ct., 857 F.2d 1185, 1187 (8th Cir. 1988). Thus, a defense of failure to state a claim may be raised in a motion for judgment on the pleadings. Id., at 1187. "Although the pleading standard is liberal, the plaintiff must allege facts - not mere legal conclusions - that, if true, would support the existence of the claimed torts." Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1062 (8th Cir. 2005) citing Schaller Tele. Co. v. Golden Sky Systems, Inc., 298 F.3d 736, 740 (8th Cir. 2002). *See also* U.S. v. $244,320.00 in U.S. Currency, 295 F. Supp. 2d 1050, 1055 (S.D. Iowa 2003).

## Discussion

In order to initiate a claim under Title VII or under (MHRA) a party must exhaust their administrative remedies by timely filing a charge of discrimination and receiving a Right to Sue letter. Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). Although the claim of plaintiff here, as well as that of the class, is that defendant has retaliated against them in violation of their rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, the requirement of exhausting administrative remedies before bringing a retaliation claim is as applicable to claims under ADA as it is to claims under Title VII.

"Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts. Williams v. Little Rock Mun. Waterworks, 21 F.3d 218, 222 (8th Cir. 1994). *See also* Kloos v. Carter-Day Co., 799 F.2d 397, 400 (8th Cir. 1986).

4

The law is well-settled that if one or more putative members of a class properly file a charge of discrimination with EEOC or MHRA, and receive a Right to Sue letter, it is sufficient exhaustion of administrative remedies. On the other hand, an administrative charge of one or more plaintiffs setting forth only personal claims of discrimination is not sufficient to serve as a basis for the class action. Kloos at 400. Thus, as long as class issues are alleged, a timely charge may serve as the basis for a class action. Lusardi v. Lechner, 855 F.2d 1062, 1078 (3d Cir. 1988).

These holdings ultimately gave rise to the "single-filing rule." "That rule, also referred to as 'piggybacking,' permits plaintiffs who have failed to file administrative charges or who have filed untimely charges, to 'piggyback' on the timely-filed charges of other plaintiffs provided the timely-filed charge gives the EEOC and the employer adequate notice of allegations of class-wide discrimination." Basch v. Ground Round, Inc., 139 F.3d 6, 8 and 9 (1st Cir. 1998) and cases cited therein, including Kloos at 400, 401.

In plaintiff's first charge of discrimination before the administrative agencies filed May 17, 2004 and in the second charge filed July 26, 2004, she stated "I. I was employed by the Employer from July 1981 through on or about May 6, 2004. II. On or about May 6, 2004 the Employer terminated my employment in retaliation for my protected activity including filing a prior administrative charge of disability discrimination." The court determines that these charges, standing alone, do not allege class-wide discrimination or claims in order properly to represent the class alleged in the complaint.

Plaintiff asserts that class-claims can be brought properly when administrative investigation of conduct toward others could have reasonably "grown out of" an individualized charge.

The Eighth Circuit has not specifically adopted the "grow-out-of" rule, however, it has addressed it even in Kloos. Kloos argued that the purposes of the filing requirements were established by other facts which should have provided notice of the existence of class claims. Kloos' counsel sent a letter to the Minnesota Department of Human Rights (MDHR) which Kloos felt injected a class claim into the proceedings sufficient to support a class action. The letter apprised the agency of the conclusions of counsel based on discovery and invited the agency to participate in the class action that counsel was seeking to certify. The letter was not made available to defendant or counsel. The court determined that the letter did not purport to be an amendment to the administrative charge and that the letter did not constitute adequate notice of the class claims. Kloos at 401.

The three cases from other circuits relied on by plaintiff basically suggest the need to consider the "grow-out" rule. In Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124 (7th Cir. 1989) the court determined that the dismissal of class claims was proper. The court noted there that the allegations in the EEOC charge did not indicate class-wide discrimination. The court stated that although a proper inquiry might be into what an EEOC investigation could reasonably be expected to grow from the original complaint, it is primarily the charge to which we look in determining whether the scope requirement is satisfied. Schnellbaecher at 127.

Schellbaecher also examined the case of Fellows v. Universal Restaurants, Inc., 701 F.2d 447 (5th Cir.), *cert den.*, 464 U.S. 828, 104 S.Ct. 102, 78 L.Ed.2d 106 (1983), another case relied on by plaintiff.

In Fellows, the charge contained the phrase "been discriminated against because of my sex, female." The court felt this was sufficiently broad to justify a class action. However, in

6

Fellows the defendant had received a letter from the plaintiff's attorney shortly after her charge was filed, stating that if a settlement could not be reached, a class action lawsuit would be filed. The defendant in Fellows thereafter refused to answer the EEOC's questions concerning its other employees indicating to the court that the defendant was aware of the EEOC's intent to conduct a classwide investigation and wished to avoid this possibility. Fellows, 701 F.2d at 451.

In Paige v. State of Cal., 102 F.3d 1035 (9th Cir. 1996) the district court certified a class on a disparate impact claim when class claims were not raised in the administrative charge of discrimination. In Paige the court adopted the "grow-out-of" rule and determined that the charge was sufficiently specific to involve the overall promotional process of defendant and was not limited to an isolated act of discrimination by one individual against another. *Id.* at 1042. The court stated further that "A class based investigation and lawsuit could reasonably be expected to grow out of the allegations that the examination process used by the CHP for promotion was inherently biased against blacks. In fact, such a class action was almost inevitable given the charges that were both filed with and transferred to the EEOC." *Id.* at 1042.

Plaintiff also cites Robinson v. Sears, Roebuck & Co., 111 F. Supp. 2d 1101 (E.D. Ark. 2000) and Beckmann v. CBS, Inc., 192 F.R.D. 608, 616 (Dist. Minn. 2000) as applying less restrictive tests for piggybacking of class actions as was decided in Kloos. Plaintiff suggests this court should follow Beckmann and Robinson rather than Kloos.

The issue in Robinson was the scope of the EEOC charge. The defendant in Robinson argued that the EEOC discrimination charge only asserted salary differences, thus precluding consideration by the court of claims relating to hiring, initial assignment, promotion, etc. The district court there determined that there was a sufficient assertion to include all charges of

discrimination once the initial charge had been properly asserted. The court held that discrimination in earnings could quite reasonably be expected to lead to discriminatory employment practices in job assignment, placement, pay and promotion. Robinson at 1116. The lack of comparison there to the facts in the present case is obvious. Here, there was no charge of class discrimination. In Robinson there was, but again the issue had to do with the scope of the examination which is not present here.

In Beckmann, the court simply reaffirmed the piggyback rule that if one plaintiff filed a timely EEOC class charge, other plaintiffs are able to piggyback on that charge. Beckmann, at 619 and 620. In Beckmann, the plaintiff alleged in the EEOC charge that "There is a glass ceiling in place with regard to promotion for women" and that plaintiff Beckmann had been denied training which later cost her a promotion. The court determined "However, even liberally construed, plaintiff Beckman's charge cannot have triggered the hostile environment claim. The allegations contained within the charge were not sufficiently related to the plaintiff's hostile environment claim." Beckmann at 616. These decisions do not mandate a less burdensome test for piggybacking of class claims and, in fact do not alter the Eighth Circuit's holding in Kloos.

In addition, plaintiff urges this court to use a decision by a colleague as support for her position. In Nichols v. American Nat. Ins. Co., 945 F. Supp. 1242 (E.D.Mo. 1996), Judge Hamilton entertained a motion to dismiss certain additional charges of discrimination when the EEOC charge alleged gender discrimination only. Judge Hamilton found that although the only charge of discrimination before the EEOC was one of gender, the investigation by EEOC showed that there was a genuine issue as to claims of sexual harassment and discriminatory hiring and promotion. That case is distinguishable because there is no evidence in the present case of a class

8

investigation during the EEOC investigation. In addition, Nichols was not a class action case. Compare Alvin v. N.W. Nat'l. Life Ins. Co., 943 F.2d 862 (8th Cir. 1991) (holding that an administrative charge of age discrimination could not be expanded to include claims of coercing older employee into accepting early retirement.)

In essence, the court holds that as plaintiff did not include any class claim in her administrative charge, her administrative remedies have not been exhausted and her class claims in this action should be stricken.

Nonetheless, the court will consider the so-called "grow out of" rule here. In the examination of the Complaint and the memos and attachments of the parties, there is nothing that would suggest a class claim can "grow out of" plaintiff's administrative charges.

The colloquy between plaintiff and defendant's representatives, Mona Y. Jackson and Susan C. Scott and the union representative, Ms. Grogan, had to do entirely with plaintiff's personal claim. There is no reference to claims of others. It is impossible for the court to speculate that the "last chance agreement form" which plaintiff was urged to accept was a boilerplate form for plaintiff's use and for the use of others.

Plaintiff insists that her counsel's letter of July 23, 2004 "made it perfectly clear to defendant that possible class claims could be forthcoming and identified the root of the charge as the waiver and release of employment discrimination claims contained in the Waiver of Claims form." Plaintiff's memo, p. 13. The court disagrees. There is nothing in any of the records before the EEOC or in counsel's letter that indicates a claim of anything other than plaintiff's personal claim. While the notes of Mona Y. Jackson, defendant's Manager of Operating Services, and of Susan C. Scott may be relevant as to plaintiff's individual claim, there is nothing in those

9

notes to indicate that there was a discussion having to do with claims of anyone other than plaintiff.

Potashnick's letter of July 23, 2004 is simply a statement to defendant of the basis for the claim of plaintiff, and a threat to sue to enforce her claim absent adjudication of it amicably. This court cannot extract from the letter a conclusion that a class action could reasonably be expected to grow out of the charge of discrimination made by plaintiff individually. In fact, there is no showing the EEOC ever had a copy of the letter or made any class investigation.

Plaintiff asserts that this court should not follow the decision in Kloos because it involved an ADEA opt-in class action as opposed to a Title VII opt-out class. While it is true that Kloos was an ADEA opt-in action, the statutes involving ADEA and Title VII require exhaustion schemes for the same reasons. The exhaustion requirement is that the employer should have notice, and that the administrative agency should have an opportunity to investigate and consider the possibility of conciliation. No Title VII action will lie unless the claimant has exhausted his or her administrative remedies. Plaintiff suggests that the cases on which she relies, Fellows, Schnellbaecher, and Paige all apply to Title VII class claims. Memorandum, p. 16. Accordingly, plaintiff urges the court to follow the reasoning in those cases. In making this suggestion, plaintiff defeats her own argument. The underlying principle of plaintiff's three cases supports piggybacking, provided the timely filed charge gives the administrative agencies and the employers adequate notice of allegations of class-wide discrimination. Those cases simply discuss the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination. It is obvious, therefore, that Kloos and its progeny are applicable, not only to ADEA opt-in class claims, but to Title VII opt-out class claims as well.

Plaintiff also suggests that the current motion is actually a request for summary judgment, and is, therefore, premature. As discussed earlier concerning the standard to be used by the court in ruling on the motions, defendant's request is essentially a motion to dismiss. Ordinarily, the court would not consider evidence dehor the record, but construing the complaint liberally, the court has considered all of the materials in the memorandum in support of the motion and in opposition thereto and attachments. Having done so, this court determines that the motion to strike and for judgment on the pleadings as to Counts III and IV should be granted.

Dated this __7th__ day of April, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE