UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORAH TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:04CV1688-SNL |
| | ) |
| SOUTHWESTERN BELL TELEPHONE | ) |
| L.P. d/b/a SBC Missouri and Southwestern | ) |
| Bell Telephone Company, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

On April 7, 2006 the Court denied defendant's motion for summary judgment based on plaintiff's failure to disclose claim in bankruptcy filing. The Court also sustained defendant's motion to strike class allegations and for judgment on the pleadings as to Counts 3 and 4 of the complaint. Counts 1 and 2, filed by plaintiff on behalf of herself, now remain.

Presently pending before the Court is plaintiff's motion for summary judgment as to Counts 1 and 2 and the motion of defendants for summary judgment also as to Counts 1 and 2.

### Summary Judgment Standard

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the Court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The Court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). With this standard in mind, the Court now examines the facts of this case.

## **Discussion**

The Court has carefully examined all of the materials presented in the motions previously ruled on as set out herein and the materials submitted as to the current motions. The present motions have been extensively briefed. Following this review, the Court cannot state that there is no genuine issue as to material fact, and that either moving party is entitled to judgment as a

2

matter of law.

While there are numerous facts that are not in dispute, there are facts which are either in dispute or the parties have a different interpretation as to the construction of the evidence. For illustration, there is a decided difference as to the meaning or effect on plaintiff's so-called refusal to sign a waiver and release of her then pending ADA and MHRA claims.

There is a further dispute concerning alleged testimony purportedly showing retaliatory statements and admissions made by defendant's managers leading to the termination and during the course of the actual termination.

There is a dispute as to whether plaintiff was dismissed based on her failure to meet quality of work expectations, or for some other reason.

While there may be some case law suggesting that it is a lawful employment practice to offer a last chance to an employee facing a dismissal recommendation in exchange for a release of claims, the facts concerning this type of practice that occurred here is construed differently by the parties.

Without considering the niceties of other factual and legal disputes between the parties, it is apparent to the Court that there are some genuine issues as to material facts, and accordingly, this Court is unable to determine that either party is entitled to judgment as a matter of law. The Court concludes, therefore, that the motions for summary judgment of all the parties should be denied as to Counts 1 and 2.

Dated this __7th__ day of June, 2006.

_/s/ Stephen N. Limbaugh_
SENIOR UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com